IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 02 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

| | |
|---|---|
| FATIMA PARKER, | CIVIL NO. 3:09cv00033 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| ALBEMARLE COUNTY SCHOOL BOARD, ET AL., | |
| Defendants. | JUDGE NORMAN K. MOON |

This matter is before the court on the Defendant's Motion to Dismiss the Complaint (docket no. 5). The motion has been fully briefed, and hearing was held on June 29, 2009. The motion is therefore ripe for decision. For the following reasons, the Defendants' motion will be denied, and this case will be remanded to state court.

## I. BACKGROUND

This case was originally filed by Fatima Parker, the Plaintiff, in Albemarle Circuit Court, and was removed on May 6, 2009 by the Defendants on the alleged basis of federal question jurisdiction. The Plaintiff opposed dismissal and moved for remand to state court. The factual basis of Parker's Complaint is the same as that of her first lawsuit, originally filed in this Court and now on appeal. *See Parker v. Albemarle County Public Schools, et al.*, No. 3:08cv40 (W.D.Va. filed Aug. 18, 2008). Parker continues to seek relief for alleged violations of her rights that occurred when she was disciplined by school administrators for using the "n-word" at a school basketball game. The discipline was ultimately upheld by the Albemarle County School Board. Parker now sues the School Board and its individual members for violations of various

Virginia statutes that set out grievance procedures for employees of the public schools.

The Defendants allege in their notice of removal that Parker's complaint raises claims under 42 U.S.C. § 1983, and that federal question jurisdiction exists as a result. The Defendants point to Parker's use of the phrase "under color of state law," and her references to her Constitutional rights in support of their argument for jurisdiction. Parker argues that she is only seeking clarification of her rights under certain state statutes[1], which were not at issue in her original complaint filed in this Court. Parker's Complaint states as follows, in the first paragraph:

> Plaintiff Fatima Parker submits this Complaint in order to seek redress for Defendants' violations, under the color of state law, of Plaintiff's rights and privileges afforded her by the Code of Virginia, 1950, as amended, Sections 22.1-79(6), 22.1-306, 22.1-308 – 314, Regulations of the Virginia Board of Education, 8 VAC 20-90-10 et seq [sic], as well as Albemarle County School Board Policies.

While there are a few mentions of various Constitutional rights throughout the Complaint[2], nearly all of Parker's allegations relate to the alleged violations of state law and School Board policy.

In her response in opposition to the Motion to Dismiss, Parker moved for remand to state court because "[t]he present lawsuit seeks only a remedy to the School Board's violation of the Code of Virginia . . . as well as Albemarle County School Board Policies." She also explained that:

---

[1] Parker claims violations of the following statutes: Va. Code Ann. Sections 22.1-79(6), 22.1-306, and 22.1-308 – 314. Section 22.1-79(6) requires each school board to establish grievance procedures for its employees. Section 22.1-306 defines the term "grievance." Sections 22.1-308 – 314 require the Board of Education to establish a grievance procedure, set forth the elements and requirements for the grievance procedure (including the right to a hearing before a fact-finding panel), and establish procedures for disciplining teachers.

[2] In the body of the Complaint, Parker references the fact that she asserted her various Constitutional rights to the School Board during her disciplinary process. (Compl. ¶ 3.) Parker also challenges the validity of the School Board's ultimate determination because certain procedures or requirements established by state law were not followed. She states that the validity of the decision "determines whether the School Board upheld deprivation of Plaintiff's Constitutional Rights or should be afforded protection from prosecution." (Compl. ¶ 5.) Parker further alleges that the actions of the School Board violated her various Constitutional rights. (Compl. ¶¶ 20, 21, 32.)

> Plaintiff is a pro se litigant and unaware of the specificity of language as it applies to legal standards. Plaintiff did not intend to advance federal claims, only those clearly within the boundaries of the Virginia statutes and regulations cited above. Plaintiff's present lawsuit centers on the Defendants' violation of the state-adopted grievance procedure that awarded the plaintiff a decision in her favor due to a fatal error at the final step of the proceeding.

Parker reiterated this intent at the hearing on the instant motion, and explained that any reference to Constitutional rights in her Complaint was simply an attempt to provide the factual background for her state law claims. Parker stated that she intended to raise all applicable federal claims in her first lawsuit, and prefers to resolve those claims through the appellate process. Thus, Parker has made it abundantly clear that she did not intent to bring a claim under 42 U.S.C. § 1983 or any other federal law in the instant case.

Because I conclude, as explained below, that this Court lacks subject matter jurisdiction over the instant case, I will remand the case to state court, and I will not address the merits of Defendants' motion to dismiss.

## II. STANDARD OF REVIEW

The federal removal statute allows a defendant to remove a case to federal court if the action is one over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The basis for such jurisdiction must be present in the complaint, rather than in any affirmative defenses raised by the defendant. *See King v. Marriott Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir. 2003). A plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law. *See Custer v. Sweeny*, 89 F.3d 1156, 1165 (4th Cir. 1996) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Finally, removal jurisdiction is not favored, and a court must "construe it strictly in light

of the federalism concerns inherent in that form of federal jurisdiction." *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). The party seeking removal bears the burden of showing that removal is proper. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

## III. DISCUSSION

The Defendants argue that because Parker used certain language in her Complaint, and because her state law claims are not viable, the only possible cognizable claim in the Complaint is one for relief under 42 U.S.C. § 1983. The Defendants point to the language in the Complaint that Parker's claims arise "under the color of state law," and to various references to Constitutional rights. The Defendants categorize this as "classic § 1983 language" and argue that by using such language, Parker must have intended to bring claims under that statute. The Defendants also argue that because there is no state law claim for damages under any of the provisions that Parker cites in her Complaint, she must have intended to proceed under 42 U.S.C. § 1983, which does provide a private remedy for damages. The Defendants point out that while Virginia Code § 22.1-314 provides for judicial review of a school board's determination of grievability, none of these sections otherwise provide for judicial review of the school board's ultimate decision on the grievance. *Compare* Va. Code Ann. § 22.1-87 (expressly providing for judicial review of school board determinations regarding students). Therefore, the Defendants argue, Parker can only proceed under federal law.

The Defendants cite to *Hall v. City of Alexandria*, 111 F.Supp.2d 785 (W.D.La. 2000), in which the district court denied the plaintiff's motion to remand, finding that he had stated Constitutional claims that created federal question jurisdiction. The court pointed out that "[a]lthough Hall does not allege in explicit terms a deprivation of rights under the Constitution or

federal law, a fair reading of his complaint demonstrates that such is the true basis of his causes of action." *Id.* at 787. The plaintiff claimed that he was the victim of false arrest and the use of excessive force by two police officers. The court found that these were necessarily Constitutional claims. *Id.* Hall was represented by counsel. The district court therefore concluded that Hall's failure to overtly allege federal claims "was purposeful and was an attempt to conceal the fact that his claims are truly federal in nature." *Id.* at 788.

The Defendants also cite to *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001), in which the Fifth Circuit found that "[f]rom the face of Medina's well-pleaded complaint, it is clear that Medina is not proceeding on the exclusive basis of state law. Instead, the damages he seeks are authorized only be federal law." *Id.* In Medina's case, he sought specific types of damages (back pay and liquidated damages) that were authorized under the federal but not the state anti-discrimination law. However, it appears that Medina was also represented by counsel, and thus the court viewed the complaint as an attempt to avoid federal jurisdiction while reaping the benefits of the remedies provided by the federal statute.

Here, on the other hand, Parker, as master of her complaint, clearly opted to pursue only claims under state law. Because she is a layperson, she is most likely not aware of the different remedies available under state versus federal law, or the specificity of the language of pleading a claim under 42 U.S.C. § 1983. There is no indication whatsoever that Parker is trying to mislead the Court about the nature of her claims, as the courts suspected in *Medina* and *Hall*. Rather, she is seeking resolution of her claims that her rights under state law were violated, and seeks not only damages, but also declaratory and injunctive relief. It does not appear that she expected to raise any Constitutional claims in this second lawsuit. Even if Parker's state law claims turn out to be meritless, that does not necessarily mean that she intended to bring federal claims, or that

her claims clearly arise under federal law. Therefore, in the absence of any federal question, this Court lacks subject matter jurisdiction over this case, and a remand to state court is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Defendant has failed to establish that this Court has subject matter jurisdiction over this case. Therefore, it will be remanded to the Circuit Court of Albemarle County. An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record and to the Plaintiff.

ENTERED: This ___ Day of July, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE